IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JEANNE CARTER, as Special Administrator for the Estate of JUANITA MAYE WOODWARD, Deceased,<br><br>          Plaintiff,<br><br>v.<br><br>KENNETH A. CARLSON, NEW RISING FENIX, INC., TRAILMOBILE PARTS & SERVICE CORPORATION, and SPRINGFIELD TRAILER INC.,<br><br>          Defendants. | Case No. 03-1156-MLB |

**MEMORANDUM AND ORDER**

This matter is before the court on Kenneth Carlson and New Rising Fenix, Inc.'s motion to strike Robert Jay Block from plaintiff's list of expert witnesses. (Doc. 150). For the reasons set forth below, defendants' motion shall be GRANTED.

**Background**

The events giving rise to this lawsuit have been described in prior rulings and will not be repeated except where necessary for context. See, e.g., Memorandum and Order, Doc. 140. Highly summarized, decedent suffered injuries as a passenger in a car that struck the back of a semi-truck that was preparing to make a left-hand turn.

Plaintiff filed this action on May 9, 2003 and alleged that Carlson (the truck driver) and NRF (the trucking company) were negligent and caused Woodward's injuries. Plaintiff also asserted a product liability claim against Trailmobile Parts and Services, the manufacturer of the trailer, alleging that the rear guard was defectively designed and manufactured. After providing her expert witness disclosures in December, 2003, plaintiff discovered that the rear impact guard on the truck at the time of the accident was not manufactured by Trailmobile but was an aftermarket replacement guard. Plaintiff was allowed to amend her complaint to add Springfield Trailer Inc., the entity believed to have repaired the trailer prior to the accident.

The scheduling order was modified to allow completion of discovery *related to Springfield Trailer.* Specifically, the court established a **September 1, 2004** deadline for plaintiff to provide her expert witness disclosures *concerning Springfield Trailer* and an **October 1** deadline for defendants to provide their expert reports *concerning Springfield Trailer.* (Doc. 82). The deadline for producing expert reports concerning NRF and Trailmobile were not amended as those materials had already been exchanged.

On **October 28, 2004**, plaintiff moved to (1) strike all deadlines, (2) supplement expert reports, and (3) add new expert witnesses. (Doc. 126). The court extended plaintiff's deadline for providing expert witness disclosures concerning *Springfield Trailer's* 1999 repair to **January 3, 2005**, but denied plaintiff's request to add new expert witnesses concerning Carlson and NRF. (Doc. 140).

**Motion to Strike Plaintiff's Expert, Robert Jay Block**

On January 3, 2005, plaintiff served a document designating Robert Jay Block as an expert witness against Springfield Trailer and also served a three and a half page "expert report." Carlson and NRF move to strike Robert Block as an expert witness, arguing that the report violates this court's prior orders and "is an attempt to circumvent the court's ruling that plaintiff may not designate new experts against defendants Carlson and New Rising Fenix." As described in greater detail below, the court agrees that Robert Block's designation and report are thinly disguised attempts to add a new expert witness against Carlson and NRF in direct contravention of this court's December 7, 2004 order. (Doc. 140).

Although plaintiff characterizes the January 3 disclosure as an expert report concerning Springfield Trailer, examination of the report suggests something different. The report does not even mention the party against whom the report is supposedly submitted (Springfield Trailer). Equally significant, the report does not discuss the quality of the 1999 repair work performed by Springfield Trailer. Instead, Block expressed the following opinions in his report:

> The right side of the guard showed a significant loss of thickness due to corrosion attack of the metal. The attack was particularly severe at the location where the vertical support had been joined with the horizontal cross bar and subsequently broke away in the accident....
>
> The rear of the trailer exhibited numerous broken welds in the vicinity of the under-ride guard vertical supports and elsewhere. The skip welds that joined the rear bumper to the cross beam immediately beneath the trailer box were found to have been welded over apparently to repair separation that occurred during operation of the trailer. Many of these repair welds were found to have failed completely or were in the process of failing at the time to

this examination. The most probable failure mode for the welds was identified as fatigue. Other welds that were contained on components that had deformed in the collision exhibited evidence of brittle fracture demonstrating a reduced capability to absorb the energies developed in the rear end collision.

## CONCLUSIONS

1. The 1998 Dodge Stratus automobile exhibited clear evidence of a front-end collision that involved under-riding of the trailer.

2. The strength of the under ride guard on the 1996 Trailmobile trailer was *compromised by corrosion attack of the metal and deterioration of the repair welds made to the rear of the trailer.* (Emphasis added.)

Clearly, Block has not identified the party who made the "weld repairs" and whether those welds were defective. At best, the reference to corrosion and broken welds implies that Carlson and NRF failed to properly maintain the structure of the trailer. The court previously denied plaintiff's request to add an expert witness concerning truck company operations (Doc. 140) and this report amounts to an attempt to circumvent the court's prior ruling. Because Robert Block's expert disclosures do not address Springfield Trailer's 1999 repairs or fault, the court grants defendant's motion to strike Robert Block as an expert witness.[1]

As the court noted in its December 7, 2004 Order, this is not a factually complex case

---

[1] During a March 7, 2005 conference concerning the motion, plaintiff asserted that the report was intentionally written without mentioning any defendant and that Robert Block was not expressing any opinion concerning fault. According to plaintiff, Block is merely "expressing his observations." The problem with this argument is that Robert Block's "observations" are based solely on his examination of the trailer and car shortly after the accident (two years prior to issuance of his report). The failure to provide Block's "report" when the original expert witness disclosures were due December 19, 2003 is inexcusable and reflects an approach to timely discovery that is unacceptable.

and plaintiff has had ample opportunity to prepare her case. (Doc. 140). Defendants have investigated the accident, interviewed witnesses, and timely produced expert witness reports.[2] Allowing plaintiff to add a new expert witness at this late date is highly prejudicial to defendants who timely complied with the court's deadlines. More importantly, plaintiff offers no excuse for failure to timely provide Robert Block's report in December 2003.

Unfortunately for plaintiff, the product liability claim related to the rear guard against Trailmobile has taken a bad turn. However, the fact that discovery related to Trailmobile produced undesirable results for plaintiff does not justify the untimely production of a new expert witness report against Carlson and NRF.[3]

---

[2] The court has reviewed NRF's expert reports concerning the events surrounding the accident. Without prejudging the merits of the case, the court notes that NRF secured and produced comprehensive expert reports concerning the accident. Plaintiff's attempt to add a new expert witnesses concerning facts in her possession for two years is particularly troubling.

[3] Lead counsel for plaintiff, John M. Merritt, resides in and practices in Oklahoma. He has been severely criticized by judges in the United States District Court for the Western District of Oklahoma for "slovenly discovery practices" and "trial by ambush" tactics. Estate of Costner v. Phillips Petroleum Company, 121 F.R.D. 690 (W.D. Ok. 1988). All Western District of Oklahoma judges joined in a 1982 letter to Mr. Merritt stating that his failure to meet deadlines and repeated requests for extensions of time had reached an unacceptable level and would not be tolerated. 121 F.R.D. at 700-701. Mr. Merritt's delay in providing expert disclosures and requests for extensions in this case are similar to the problems described in Costner.

**IT IS THEREFORE ORDERED** that defendants' motion to strike Robert Jay Block as an expert witness **(Doc. 150)** is **GRANTED.**

Dated at Wichita, Kansas this 9th day of March, 2005.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge